IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABLA ABDEL BASET YOUSSEF<br>3375 Beechcliff Drive<br>Alexandria, VA 22306,<br><br>    Plaintiff,<br><br>v.<br><br>THE EMBASSY OF THE UNITED ARAB EMIRATES<br>3522 International Court, N.W., Suite 400<br>Washington, DC 20008,<br><br>    and<br><br>THE UNITED ARAB EMIRATES,<br><br>    Defendants. | Civil Action No.17-cv-02638 |

## COMPLAINT

Plaintiff, Abla Abdel Baset Youssef, by and through undersigned counsel, hereby files this action against The Embassy of the United Arab Emirates (hereinafter "the Embassy") and The United Arab Emirates (hereinafter "UAE") and hereby alleges as follows:

## NATURE OF THE CASE

1. This suit is brought against the Embassy and the UAE challenging their unlawful employment actions and for their violation of federal law, including the Age Discrimination in Employment Act of 1967 (hereinafter "ADEA"), as amended, 29 U.S.C. § 621 *et seq.*, and for their violation of the District of Columbia Human Rights Act ("hereinafter DCHRA"), as amended, D.C. Code § 2-1401 *et seq.* Plaintiff seeks relief pursuant to the ADEA, including, but not limited to, 29 U.S.C. § 626(b-c), and the DCHRA, including, but not limited to, D.C. Code § 2-1402.11, for harms caused to Plaintiff by Defendants' unlawful discrimination on the basis of her age, when Plaintiff was terminated for exceeding 65 years of age. Plaintiff requests as relief, *inter alia*: reinstatement, or in the alternative, front pay (and future pecuniary losses); back pay and back benefits; unpaid overtime compensation; liquidated damages; compensatory damages; punitive

damages; attorney fees; and such other relief as the Court deems just and appropriate, in order to fully remedy Defendants' unlawful acts;

## PARTIES

2. Plaintiff, Abla Youssef, is a resident of Virginia, and was so at all times relevant to this Complaint. She currently resides at 3375 Beechcliff Drive, Alexandria, VA 22306. Plaintiff was employed for almost 18 years by the Embassy of The United Arab Emirates in Washington, D.C in the Human Resources department of the Cultural Division. She currently is 68 years old;

3. Defendant the Embassy of The United Arab Emirates is an office, instrumentality, arm, agency or representative of the United Arab Emirates in the United States and the District of Columbia. The Embassy has substantial contact with the United States and with the District of Columbia, and the Embassy engaged in and conducts commercial activity in the United States and District of Columbia. The Embassy's address is 3522 International Court, N.W., Suite 400, Washington, DC 20008;

4. Defendant The United Arab Emirates is a foreign state which has substantial contact with the United States and with the District of Columbia. Defendant UAE engages in and conducts commercial activity in the United States and District of Columbia;

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this Complaint because it presents questions of federal law pursuant to 28 U.S.C. § 1331;

6. Specifically, this Court has jurisdiction over this Complaint pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.*;

7. This Court may exercise its supplemental jurisdiction under 28 U.S.C. § 1367 for the claims arising from the District of Columbia Human Rights Act, as amended, D.C. Code § 2-1401 *et seq.*;

8. This Court has jurisdiction over The Embassy of the United Arab Emirates and United Arab Emirates based on the commercial activity exception to the Foreign Sovereign Immunities

Act (hereinafter "FSIA"), 28 U.S.C. § 1605(a)(2). *See* generally, 28 U.S.C. §§ 1602-1611. Further, this Court has subject matter jurisdiction over this matter for Plaintiff was not employed as a government civil servant employee of Defendant UAE and Plaintiff's actions were neither governmental, nor diplomatic or political in nature. Mrs. Youssef was hired as a third country local employee;

9. This Court is the proper venue pursuant to 28 U.S.C. § 1391(f) and 29 U.S.C. § 626(c). Plaintiff's place of work was located in Washington, D.C., and her supervisor was located in Washington, D.C. Defendant The Embassy is located in Washington, D.C. Defendants' discriminatory acts complained of took place in Washington, D.C.;

10. Plaintiff's age discrimination claims are timely per 29 U.S.C. § 626(d), which allows Plaintiff to file a civil action in this Court 60 days or more after filing a discrimination charge in the Equal Employment Opportunity Commission (hereinafter "EEOC"). Plaintiff was terminated by the Embassy on January 3, 2016, and she timely filed a Charge of Discrimination with the EEOC on February 19, 2016. The EEOC took no action on the matter and issued a Notice of Right to Sue to Plaintiff on September 20, 2017; and she timely brings this civil action against Defendants within 90 days of her receipt of this Notice;

**FACTS**

11. Born in January 1949, Plaintiff, Abla Youssef, an Egyptian citizen, is a 68-year-old woman with a specialty in human resources. She is a member of a protected group by virtue of her age (over 40);

12. Mrs. Youssef was employed at the Embassy for approximately 17 years and 10 months, initially as a secretary in the Human Resources department of the Cultural Division from February 1998 to June 15, 2001, whereupon she was employed in a new position as an Administrative Officer, also known as Personnel Officer, in the Human Resources department of the Cultural Division until she was terminated on January 3, 2016;

3

13. The Embassy hired Mrs. Youssef, an Egyptian citizen, as a local employee to fill a staffing need. She was not a civil servant of Defendant UAE at any time during her employment;

14. As a Personnel Officer, Mrs. Youssef served under the Embassy's Cultural Attaché and maintained personnel records for all local employees of the Embassy's Cultural Division, which were more than 30. Her work included tracking the hiring, ranking, promotion, salaries, annual evaluation reports, awards, overtime, and end of service compensation, and maintaining the manual and electronic records and archives for all employees of the Cultural Division;

15. As a Personnel Officer, Mrs. Youssef assisted Defendants UAE and the Embassy with local employee personnel management and their commercial operations related thereto in the United States. She did not process any personnel records of UAE civil servants. At no time did she engage in diplomatic or political work, and she was not a UAE civil servant;

16. Mrs. Youssef was an exemplary employee at the Embassy for almost 18 years until her abrupt termination on January 3, 2016. In her almost 18 years in the Human Resources Department, she was commended for her work on many occasions and held in very high esteem by the various Ambassadors and the Embassy's five Cultural Attachés under which she served;

17. During her tenure with Defendant the Embassy, Mrs. Youssef was employed as a local employee under local employment contracts. For instance, on February 7, 2011, the Embassy and Mrs. Youssef signed a contract captioned "Local Employment Contract," which had a one year term but which would renew on an annual basis. As a local employee and not a civil servant, Mrs. Youssef was not entitled to UAE civil service benefits or to any other benefits, rights, or remedies provided by the laws of UAE;

18. As a local employee on a local employment contract that is renewed annually, Mrs. Youssef followed the Embassy's protocol to renew her contract. Each year Mrs. Youssef requested that her contract be renewed, and the Cultural Attaché would issue a letter requesting the renewal of her contract;

19. After Mrs. Youssef requested the extension of her contract for 2014, the Embassy's Acting Cultural Attaché, Abdalla Omar Al-Ahmad, noted in a November 25, 2013 letter to the Deputy Assistant Minister for Support Services that Mrs. Youssef's employment at the Embassy should be ending in January 2014, when she reached the age of 65, per the personnel code. However, said Cultural Attaché then stated that due to her significant experience, it would benefit the Embassy to renew Mrs. Youssef's local employment contract;

20. On December 10, 2013, the Acting Cultural Attaché issued another letter to the Deputy Assistant Minister for Support Services, requesting the renewal of Mrs. Youssef's employment contract due to her significant qualifications and experience;

21. In January 2014, Mrs. Youssef reached the age of 65. She requested extensions of her employment contract annually but was only allowed to work at the Embassy for two additional years, until she was terminated on January 3, 2016 because she was older than age 65;

22. Six months before Mrs. Youssef's termination, Cultural Attaché Dr. Suaad Zayed Al Oraimi told Mrs. Youssef that she did not want older people working for her and that Mrs. Youssef had to leave the Embassy because of her age. Defendant the Embassy, by and through its agents, told Plaintiff that she would be terminated due to age, including, but not limited to, Cultural Attaché Suaad Zayed Al Oraimi and Director of the Accounting Department, Kevin McHale;

23. On December 3, 2015, Mrs. Youssef received a letter from her supervisor, Cultural Attaché Dr. Suaad Zayed Al Oraimi, which stated that her employment contract would be cancelled and that she would be terminated as of January 3, 2016, the day before her 67th birthday. The letter referred to the fact that the Embassy had renewed her employment contract for two years, from January 2014 to January 2016;

24. On January 12, 2016, Mrs. Youssef received a letter from the Embassy which confirmed that she was terminated by the Embassy because her age was more than 65, which is the customary retirement age in UAE according to the letter. This letter from the Director of Accounting to Mrs. Youssef states that the Embassy extended her employment contract for two

years beyond UAE's customary retirement age of 65, but the Embassy decided not to extend the contract for a third year and gave notice of this on December 3, 2015. Thus, on January 3, 2016, Mrs. Youssef was removed for being over the age of 65;

25. Mrs. Youssef was terminated solely due to her age. There was no other reason provided by the Embassy to Mrs. Youssef regarding her termination. Mrs. Youssef performed her job extremely well and was not terminated for cause;

26. In her December 3, 2015 letter, the Cultural Attaché, Dr. Suaad Zayed Al Oraimi, expressed her appreciation, on behalf of the Embassy's Cultural Division, for the great help that Mrs. Youssef provided to their office throughout her employment as a Personnel Officer;

27. While Mrs. Youssef was terminated on January 3, 2016, for exceeding 65 years of age, upon information and belief, other employees at the Embassy have been allowed and continue to work past the age of 65;

28. The Defendants routinely have local employees work past the age of 65 and not compel their retirement, but Embassy managers asserted in 2015 and 2016 that Mrs. Youssef would be terminated because her age exceeded 65 years, engaging in a course of conduct which is arbitrary and disparate toward Mrs. Youssef. In contrast with the treatment of other Embassy employees, Mrs. Youssef was terminated by the Embassy merely for being over the age of 65;

29. After Mrs. Youssef filed her Charge of Discrimination with the EEOC, which was cross-filed at the D.C. Office of Human Rights, the Embassy articulated a different reason for her termination, through its counsel. The Embassy's counsel informed the EEOC that the Embassy had terminated Mrs. Youssef due to downsizing. This contradicts the reason articulated to Mrs. Youssef and made in official correspondence at the time of her termination: that she was terminated because she had exceeded the age of 65. Further, Mrs. Youssef's job duties of overseeing the personnel matters of the Cultural Division's local employees continued to be performed by a person much younger than Mrs. Youssef after she was terminated, and upon

information and belief, this has continued to this day. Cultural Attaché Al Oraimi required Mrs. Youssef to train the younger employee before terminating Mrs. Youssef;

30. Contrary to Defendants' representations to the EEOC regarding downsizing, the UAE Ministry of Higher Education in 2014 set forth a mandate to hire four additional academic advisers in Washington, D.C. and to increase the salaries of all employees at the Cultural Division. Consequently, all Cultural Division personnel got promotions, from the driver to the Cultural Attaché. The mandate was signed by Dr. Saeed Al Hassani, Undersecretary of the Ministry of Higher Education and Scientific Research, on December 31, 2014. While Mrs. Youssef was still employed, she personally processed the very paperwork associated with the hiring of at least two of these additional academic advisers. Further, all of these records were administered and maintained in the ordinary course and this continues to the present;

31. In addition to summarily dismissing Mrs. Youssef after approximately 18 years of loyal service to the Embassy and UAE, Defendants willfully subjected Mrs. Youssef to harassing treatment prior to and at the time of her dismissal. For instance, Mrs. Youssef was verbally harassed by Cultural Attaché Al Oraimi for approximately two years prior to her termination by the Embassy. Dr. Al Oraimi also verbally harassed other older employees, and she created a hostile work environment for Mrs. Youssef. For instance, Cultural Attaché Al Oraimi asked Mrs. Youssef to spy on other employees and prohibited Mrs. Youssef from attending a pre-approved doctor's appointment. Cultural Attaché Al Oraimi yelled at Plaintiff, embarrassing her in front of other employees. Additionally, six months before Mrs. Youssef's termination, Cultural Attaché Al Oraimi told Mrs. Youssef that she did not want older people working for her and that Mrs. Youssef had to leave the Embassy because of her age. Cultural Attaché Al Oraimi's harassment of Mrs. Youssef was intolerable at the end of Mrs. Youssef's tenure at the Embassy. Defendants' harassing course of conduct towards Mrs. Youssef was discriminatory;

32. After Mrs. Youssef made her case with Cultural Attaché Al Oraimi to allow her to continue working and not be terminated in January 2016, the Cultural Attaché initially conceded, but only

7

on the condition that Mrs. Youssef was limited to work for just four additional months and the Cultural Attaché tried to compel Mrs. Youssef to sign a resignation letter that would trigger her voluntary resignation at the end of April 2016. When Mrs. Youssef refused to sign a letter of resignation, since she was actually being terminated, she was summarily ordered to leave immediately, clean out her desk, and turn in her keys. Mrs. Youssef subsequently tried to contact ministry and Embassy officials many times but was ignored and disrespected every time. The harassing conduct perpetuated by the Cultural Attaché took place in the backdrop of Mrs. Youssef's residence suffering a total loss fire, of which Defendants were apprised;

33. Upon information and belief, the Embassy and UAE honored virtually all of their long-term employees with an exit social event wherein gift and certificates are bestowed upon the retiree, which was willfully declined to Mrs. Youssef to harass and disparage her;

34. Mrs. Youssef has suffered damages as a result of her unlawful termination by the Embassy, which was solely due to her age. For instance, Mrs. Youssef has been without income since January 3, 2016, and she had no plans to retire when she was summarily terminated by the Embassy. All efforts to gain employment have been thwarted by the willful manner in which Mrs. Youssef was terminated. Mrs. Youssef's termination from the Embassy has resulted in her being precluded from obtaining employment at other embassies, i.e., in her field of expertise, as her termination from the Embassy effectively blacklists her on the job market. As a consequence of Defendants' actions, Mrs. Youssef's reputation has been severely damaged by the Embassy's unlawful termination and she has suffered emotional distress. Finally, Mrs. Youssef's severance payment and benefits were also negatively impacted by Defendants' unlawful conduct and premature termination;

35. Mrs. Youssef's damages due to Defendants' unlawful conduct and actions include, *inter alia,* a loss of income and benefits; loss of employment opportunities; loss of earning capacity, future benefits, and future severance payment; future pecuniary and nonpecuniary losses; discharge from employment; damage to Plaintiff's reputation and career; emotional pain and

suffering; embarrassment, humiliation, and indignity; inconvenience, mental anguish, and loss of enjoyment of life; and withholding of her rightfully due wages and deprivation of entitlements;

36. The Embassy's action to terminate Mrs. Youssef solely due to her age was a willful action. The Embassy knew or showed reckless disregard for the fact that age discrimination is prohibited by U.S. laws, which protect local employees who work at the Embassy, like Mrs. Youssef, as opposed to UAE civil service employees, who have no such protection;

37. The Embassy committed an intentional unlawful act (termination due to Mrs. Youssef's age) and exhibited reckless or callous indifference to the rights of Mrs. Youssef;

### CAUSES OF ACTION

### COUNT I
### DISCRIMINATION BASED ON AGE
### IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT,
### 29 U.S.C. § 621 *et seq.*

38. Plaintiff adopts and incorporates herein by reference, as if specifically set forth herein, the averments of paragraphs 1 through 37 of this Complaint;

39. Based upon the facts described in the preceding paragraphs, Defendants unlawfully discriminated against Plaintiff Abla Youssef on the basis of her age (born in January 1949) in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.*;

40. Plaintiff suffered from the discriminatory practices and policies of Defendants as averred above;

41. Defendants' violation of the ADEA was willful;

42. As a direct and proximate result of Defendants' discriminatory conduct, practices, and/or policies, Plaintiff has suffered damages, including, but not limited to, loss of income and benefits; loss of employment opportunities; loss of earning capacity, future benefits, and future severance payment; future pecuniary and nonpecuniary losses; discharge from employment; damage to Plaintiff's reputation and career; emotional pain and suffering; embarrassment, humiliation, and

indignity; inconvenience, mental anguish, and loss of enjoyment of life; and withholding of her rightfully due wages and deprivation of entitlements;

## COUNT II
## DISCRIMINATION BASED ON AGE
## IN VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT,
## D.C. Code § 2-1401 *et seq.*

43. Plaintiff adopts and incorporates herein by reference, as if specifically set forth herein, the averments of paragraphs 1 through 42 of this Complaint;

44. Based upon the facts described in the preceding paragraphs, Defendants unlawfully discriminated against Plaintiff Abla Youssef on the basis of her age (born in January 1949) in violation of the District of Columbia Human Rights Act, as amended, D.C. Code § 2-1401 *et seq.*;

45. Plaintiff suffered from the discriminatory practices and policies of Defendants as averred above;

46. Defendants violated the DCHRA willfully; and

47. As a direct and proximate result of Defendants' discriminatory conduct, practices, and/or policies, Plaintiff has suffered damages, including, but not limited to, loss of income and benefits; loss of employment opportunities; loss of earning capacity, future benefits, and future severance payment; future pecuniary and nonpecuniary losses; discharge from employment; damage to Plaintiff's reputation and career; emotional pain and suffering; embarrassment, humiliation, and indignity; inconvenience, mental anguish, and loss of enjoyment of life; and withholding of her rightfully due wages and deprivation of entitlements;

## RELIEF REQUESTED

48. Plaintiff requests any and all relief provided by the discrimination laws of the United States and the District of Columbia, including, but not limited to, the following:

a. Reinstatement, or in the alternative, front pay and future pecuniary losses under the ADEA and DCHRA;

b. Back pay and back benefits under the ADEA and DCHRA;

c. Maximum liquidated damages under the ADEA;

d. Compensatory damages under the DCHRA for, *inter alia,* Plaintiff's loss of income and benefits; loss of employment opportunities; loss of earning capacity, future benefits, and future severance payment; future pecuniary and nonpecuniary losses; discharge from employment; damage to Plaintiff's reputation and career; emotional pain and suffering; embarrassment, humiliation, and indignity; inconvenience, mental anguish, and loss of enjoyment of life; withholding of her rightfully due wages and deprivation of entitlements; and other pecuniary and nonpecuniary losses in an amount to be determined at trial;

e. Punitive damages under the DCHRA;

f. The reasonable attorney fees at prevailing market rates, costs, and expenses of this action; and

g. Such other relief as the Court deems just and appropriate.

## JURY TRIAL

49. Plaintiff demands a trial by jury on all issues so triable.

_____
SYLVIA J. ROLINSKI, ESQ.
D.C. Bar No.430573
Rolinski Law Group, LLC
14915 River Road
Potomac, MD 20854
Office: +1-301-987-0202, ext. 1
Fax: +1-301-263-7100
SJR@Rolinski.com
Attorneys for Plaintiff Abla Abdel Baset Youssef

*Daniel K. Gebhardt*
DANIEL K. GEBHARDT, ESQ.
D.C. Bar No. 975703
Solomon Law Firm, PLLC
1025 Connecticut Avenue, N.W.
Suite 1000
Washington, DC 20036
Office: +1-866-833-3529
Fax: +1-202-688-1896
dgebhardt@fedemploylaw.com

December 8, 2017       Attorneys for Plaintiff Abla Abdel Baset Youssef