# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABLA ABDEL BASET YOUSSEF, )<br>)<br>PLAINTIFF, )<br>)<br>V. )<br>)<br>)<br>THE EMBASSY OF THE UNITED ARAB )<br>EMIRATES, )<br>)<br>and )<br>)<br>THE UNITED ARAB EMIRATES, )<br>)<br>DEFENDANTS. ) | CIVIL ACTION NO: 1:17-cv-02638 |

## SPECIALLY-APPEARING DEFENDANTS THE EMBASSY OF THE UNITED ARAB EMIRATES AND THE UNITED ARAB EMIRATES' MOTION TO QUASH SERVICE OF PROCESS AND MOTION TO VACATE AN ENTRY OF DEFAULT

Defendants the Embassy of the United Arab Emirates ("the Embassy") and the United Arab Emirates (collectively, "the UAE"), by and through counsel, hereby appear specially to move this Court to quash Plaintiff Abla Abdel Baset Youssef's service of process (ECF Nos. 9 and 10), pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, and to vacate the entry of default against the Embassy because of the lack of service of process.[1] As set forth more fully in the accompanying Memorandum of Law, Plaintiff in this case was required to, but did not, comply strictly with the procedures governing service of process on a "foreign state" as set out in the Foreign Sovereign Immunities Act of 1976 ("the FSIA"), 28 U.S.C. §1608(a). The

---

[1] The UAE is making a special appearance in this case solely for the purpose of moving to quash service of process and to vacate an entry of default. The UAE does not waive service or immunity under the Foreign Sovereign Immunity Act of 1976, Pub. L. 94-583, 90 Stat. 2891, and reserves and maintains all rights afforded to it as a sovereign state.

entry of default against the Embassy was premised on this ineffective service of process and, moreover, violates the FSIA's requirement that a judgment of default against a foreign state may be entered only if "the claimant establishes his claim or right to relief by evidence satisfactory to the court."  28 U.S.C. § 1608(e).  The UAE therefore respectfully requests that service of process be quashed, that the entry of default against the Embassy be vacated, and that the Court grant it such other relief as may be appropriate under the circumstances.

Dated: April 26, 2018

Respectfully submitted,

/s/ Igor V. Timofeyev
Scott M. Flicker (DC Bar No. 425825)
Igor V. Timofeyev (DC Bar No. 998291)
Kenneth M. Willner (DC Bar No. 415906)
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, D.C.  20005
Telephone: (202) 551-1792
Facsimile: (202) 551-1705
scottflicker@paulhastings.com
igortimofeyev@paulhastings.com
kenwillner@paulhastings.com

*Counsel for the Specially-Appearing Defendants the United Arab Emirates and the Embassy of the United Arab Emirates*

## CERTIFICATE OF SERVICE

I, hereby certify that on the 26th day of April 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Sylvia J. Rolinski , Esq.
Rolinski Law Group, LLC
14915 River Road
Potomac, MD 20854
Tel. (301) 987 - 0202
Fax (301) 263-7100
sjr@rolinski.com

Daniel K. Gebhardt , Esq.
Solomon Law Firm, PLLC
1025 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel. (866) 833-3529
Fax (202) 688-1896
dgebhardt@fedemploylaw.com

/s/ Igor V. Timofeyev
Igor V. Timofeyev