## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABLA ABDEL BASET YOUSSEF, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| V. | ) CIVIL ACTION NO: 1:17-cv-02638 |
| | ) |
| | ) |
| THE EMBASSY OF THE UNITED ARAB EMIRATES, | ) |
| | ) |
| And | ) |
| | ) |
| THE UNITED ARAB EMIRATES, | ) |
| | ) |
| DEFENDANTS. | ) |

## MEMORANDUM OF LAW
## IN SUPPORT OF SPECIALLY-APPEARING
## DEFENDANTS THE EMBASSY OF THE UNITED ARAB EMIRATES AND
## THE UNITED ARAB EMIRATES' MOTION TO QUASH SERVICE OF PROCESS
## AND MOTION TO VACATE AN ENTRY OF DEFAULT

Scott M. Flicker (DC Bar No. 425825)
Igor V. Timofeyev (DC Bar No. 998291)
Kenneth M. Willner (DC Bar No. 415906)
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, D.C.  20005
Telephone: (202) 551-1792
Facsimile: (202) 551-1705
scottflicker@paulhastings.com
igortimofeyev@paulhastings.com
kenwillner@paulhastings.com

*Counsel for the Specially-Appearing Defendants the United Arab Emirates and the Embassy of the United Arab Emirates*

April 26, 2018

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................... 1

II.     FACTUAL BACKGROUND ......................................................................... 2

III.    ARGUMENT ................................................................................................. 5

      A.      Service on Foreign States and Their Embassies Must Be Made in
           Accordance with Section 1608(a) of the FSIA. ..................................... 5

      B.      Because the Embassy Is Treated as a Foreign State, Section 1608(a)
           Mandates Service of Process on the UAE's Ministry of Foreign Affairs............. 6

      C.      Plaintiff's Purported Attempt to Serve the Embassy Failed to Comply with
           the Requirements of Section 1608(a)..................................................... 7

      D.      Because the Clerk's Entry of Default Is Premised on Ineffective Service,
           This Court Should Vacate the Default Judgment Against the Embassy................ 9

IV.     STATEMENT PURSUANT TO LCVR 7(G) REGARDING THE DEFENSES
      TO PLAINTIFF'S CLAIMS......................................................................... 11

V.      CONCLUSION............................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barot v. Embassy of Zambia*,
   785 F.3d 26 (D.C. Cir. 2015) ............................................................................8, 9

*De Sousa v. Embassy of Angola*,
   229 F. Supp. 3d 23 (D.D.C. 2017) ...........................................................................6

*GSS Group Ltd. v. Nat'l Port Auth.*,
   680 F.3d 805 (D.C. Cir. 2012) .................................................................................5

*Han Kim v. Democratic People's Republic of Korea*,
   774 F.3d 1044 (D.C. Cir. 2014) .............................................................................10

*\*Howe v. Embassy of Italy*,
   68 F. Supp. 3d 26 (D.D.C. 2014) .....................................................................6, 8, 9

*\*Iskandar v. Embassy of the State of Kuwait*,
   106 F. Supp. 3d 226 (D.D.C. 2015), *vacated in-part on other grounds* .................10

*\*Jerez v. Republic of Cuba*,
   775 F.3d 419 (D.C. Cir. 2014) .........................................................................10, 11

*\*Jouanny v. Embassy of France*,
   220 F. Supp. 3d 34 (D.D.C. 2016) .......................................................................6, 8

*Kettey v. Saudi Ministry of Education*,
   53 F. Supp. 3d 40 (D.D.C. 2014) .............................................................................5

*Light v. Wolf*,
   816 F.2d 746 (D.C. Cir. 1987) .................................................................................5

*Mwani v. Osama Bin Laden*,
   417 F.3d 1 (D.C. Cir. 2005) .....................................................................................5

*Odhiambo v. Republic of Kenya*,
   930 F. Supp. 2d 17 (D.D.C. 2013) ...........................................................................5

*Philipp v. Federal Republic of Germany*,
   248 F. Supp. 3d 59 (D.D.C. 2017) ...........................................................................5

*Saudi Arabia v. Nelson*,
   507 U.S. 349 (1993) .................................................................................................5

*Transaero, Inc. v. La Fuerza Aerea Boliviana,*
   30 F.3d 148 (D.C. Cir. 1994) .......................................................................................... *passim*

**Statutes**

28 U.S.C.
   § 1330 .......................................................................................................................................5
   § 1608 ...........................................................................................................................5, 6, 7, 10
   § 1608(a) ......................................................................................................................... *passim*
   § 1608(a)(1) .............................................................................................................................7
   § 1608(a)(2) .............................................................................................................................7
   *§ 1608(a)(3) ...................................................................................................................1, 3, 7, 9
   § 1608(b) .................................................................................................................................6
   § 1608(b)(3) ............................................................................................................................6
   § 1608(b)(3)(B) ............................................................................................................. *passim*
   *§ 1608(e) ..............................................................................................................................1, 10

Age Discrimination in Employment Act of 1967 ("ADEA") ..........................................................2

District of Columbia Human Rights Act ("DCHRA") ....................................................................2

**Other Authorities**

Fed. R. Civ. P.
   4(j)(1) .......................................................................................................................................5
   55(e) ........................................................................................................................................10

I.     <u>INTRODUCTION</u>

The specially-appearing Defendants, the Embassy of the United Arab Emirates ("the Embassy") and the United Arab Emirates (together, "the UAE"), respectfully request that this Court quash the purported service of process on the Embassy and vacate the erroneous entry of default as to the Embassy.[1]  Because the Embassy is an "integral part of a foreign state's political structure," *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 151-53 (D.C. Cir. 1994), foreign embassies are treated as foreign states under the FSIA.  Therefore, service of the Complaint on the Embassy must be made in strict compliance with the FSIA's requirements for serving a foreign state.  As relevant here, the FSIA mandates that process on the Embassy be served by mailing the summons and complaint "to the head of the ministry of foreign affairs" of the United Arab Emirates.  28 U.S.C. § 1608(a)(3).

Plaintiff Abla Abdel Baset Youssef ("Plaintiff") has failed to comply with these requirements.  Indeed, Plaintiff does not even purport to have followed section 1608(a)(3)'s directive as to the method of service of process.  Instead, she relies on an entirely different service provision of the FSIA, 28 U.S.C. § 1608(b)(3)(B), which applies only when serving process on an "agency or instrumentality" of a foreign state—not an "integral part" of the state, such as its embassy.  For this reason, this Court should quash Plaintiff's improper service.  Because the entry of default as the Embassy was premised on Plaintiff's legally inadequate service, it must be vacated as well.

The entry of default is also contrary to the FSIA's unambiguous requirement that a judgment of default against a foreign state may be entered only if "the claimant establishes his

---

[1] The UAE is making a special appearance in this case solely for the purpose of moving to quash service of process and to vacate an entry of default.  The UAE does not waive service or immunity under the Foreign Sovereign Immunity Act of 1976 ("the FSIA"), Pub. L. 94-583, 90 Stat. 2891, and reserves and maintains all rights afforded to it as a sovereign state.

claim or right to relief by evidence satisfactory to the court." 28 U.S.C. § 1608(e). Here, Plaintiff presented no evidence at all, nor has the Court held any evidentiary hearing or made any evidentiary findings. Furthermore, the entry of default is procedurally improper because it was made prior to the expiration of time provided under this Court's rules for the UAE to file its opposition to Plaintiff's request for default, so that the UAE was deprived of the opportunity to file an opposition prior to entry of default. This Court should vacate the erroneous entry of default as to the Embassy.

II.    FACTUAL BACKGROUND

Plaintiff is a former employee of the Embassy's Cultural Division, where she served as the Employee Affairs Officer until January 2016. In that role, Plaintiff worked with all levels of the Embassy's staff to help manage the Embassy's day-to-day affairs. On December 8, 2017, Plaintiff filed the instant action against the UAE. *See* ECF No. 1. In her Complaint, Plaintiff alleged that she suffered discrimination based on her age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") and the District of Columbia Human Rights Act ("DCHRA") when her employment with the Embassy came to an end in January 2016. ECF No. 1 at ¶ 1. On December 11, 2017, this Court issued a summons to the UAE based on Plaintiff's complaint. *See* ECF No. 2.

Nearly two months later, on February 1, 2018, Plaintiff requested that the Clerk of the Court serve process on the Embassy by mailing a copy of the summons and complaint to the Embassy's address in Washington, D.C. *See* ECF No. 4. In her affidavit and the accompanying letter, Plaintiff specifically requested that service be made "pursuant to the provisions of 28 U.S.C. § 1608(b)(3)(B)"—the FSIA provision governing service on *an agency or instrumentality* of a foreign state (but not on a foreign state itself). *See* ECF No. 4 & ECF No. 4-1. Plaintiff also

2

attached a pre-paid Federal Express envelope, addressed to the Embassy's Washington, D.C. address.  *See* ECF No. 4-1.

On February 6, 2018, pursuant to Plaintiff's request, the Clerk of the Court mailed the summons and complaint to the Embassy at its Washington, D.C. address.  *See* Certificate of Mailing, Feb. 6, 2018, ECF No. 7.  The Clerk's Certificate of Mailing indicated that, as requested by Plaintiff, the summons and complaint were mailed "to the agency or instrumentality of the foreign state, pursuant to 28 U.S.C. § 1608(b)(3)(B)."  *Id.*

On February 5, 2018, Plaintiff also requested that the Clerk of the Court serve process on the UAE by mailing the summons and complaint to the Ministry of Foreign Affairs ("MOFA") in Abu Dhabi, the capital of the United Arab Emirates.  *See* ECF No. 5.  This time, Plaintiff referenced a different provision of the FSIA—28 U.S.C. § 1608(a)(3)—which prescribes the method of effecting service a foreign state.  *See* ECF No. 5 & ECF No. 5-1.  In accordance with Plaintiff's request, the Clerk of the Court mailed the summons and complaint, via DHL courier service, to MOFA in Abu Dhabi on February 7, 2018.  *See* ECF No. 9.  The Clerk indicated that, in contrast to the service on the Embassy, the service was now being made on "the head of the ministry of foreign affairs, pursuant to the provisions of 28 U.S.C. § 1608(a)(3)."  *Id.*

The summons and complaint sent by the Clerk to MOFA in Abu Dhabi were never delivered.  As the courier tracking information for that package indicated, DHL has been unable to complete delivery due to insufficient or incorrect address information.  *See* Ex. A, DHL Tracking Information.  The shipment was placed on hold on February 11, 2018, and then, after no additional information had been provided, returned to sender on February 25, 2018.  *See id.* Based on counsel's investigation, MOFA has no record of receiving the package dispatched by the Clerk.

3

Plaintiff has not filed any proof of service with respect to the package sent to MOFA on February 7, 2018, nor argued that service on MOFA has ever been accomplished. Instead, on April 6, 2018—a day after filing the purported proof of service on the Embassy, *see infra* at 4— Plaintiff requested again that the Clerk of the Court serve the UAE, this time by sending the summons and the complaint to MOFA in Abu Dhabi (at a different address) and, separately, to the UAE's Minister of Foreign Affairs "in care of" the Embassy, at the Embassy's Washington, D.C. address. *See* ECF Nos. 11-13. The Clerk mailed the summons and the complaint, in accordance with Plaintiff's request, on April 17, 2018. *See* ECF Nos. 15-16.

On April 5, Plaintiff's counsel filed a purported proof of service, wrongly asserting that service on the Embassy has been accomplished on February 7, 2018. *See* Proof of Service, Apr. 5, 2018, ECF No. 10. The proof contained the Federal Express tracking information demonstrating that the summons and complaint were delivered to the Embassy's address in Washington, D.C. In her affidavit, Plaintiff's counsel contended that this delivery meant that service has been successfully made pursuant to 28 U.S.C. § 1608(b)(3)(B)— the FSIA provision governing service on an agency or instrumentality of a foreign state. ECF No. 10.

On April 12, 2018, Plaintiff requested that this Court enter a judgment of default against the Embassy. In her affidavit, Plaintiff contended that the Embassy was "personally served with process on February 7, 2018 via FedEx pursuant to … 28 U.S.C. § 1608(b)(3)(B)." ECF No. 14. Plaintiff submitted no evidence or affidavits regarding the merits of her claim. On April 25, 2018, prior to the expiration of the 14-day period provided under the Court's rules for filing an opposition to a motion for a judgment of default, *see* LCvR 7(b), and without any evidentiary hearing, the Clerk summarily entered a judgment of default against the Embassy. *See* ECF No. 20.

III.    <u>ARGUMENT</u>

The UAE respectfully requests that this Court quash Plaintiff's purported service of the summons and complaint on the Embassy because Plaintiff's service of process has not complied with the FSIA section 1608(a)'s requirements for serving process on a foreign embassy.  The UAE further requests that the Court vacate the erroneous entry of default against the Embassy, which is premised on the ineffective service and violates the FSIA's requirement that an entry of default must be supported by an evidentiary finding that a plaintiff proved her case on the merits.

A.    <u>Service on Foreign States and Their Embassies Must Be Made in Accordance with Section 1608(a) of the FSIA.</u>

As the Supreme Court has held, the FSIA "provides the sole basis for obtaining jurisdiction over a foreign state" in U.S. courts.  *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993); *see also Mwani v. Osama Bin Laden*, 417 F.3d 1, 15 (D.C. Cir. 2005); *Kettey v. Saudi Ministry of Education*, 53 F. Supp. 3d 40, 49 (D.D.C. 2014) (citing *Odhiambo v. Republic of Kenya*, 930 F. Supp. 2d 17, 23 (D.D.C. 2013)).  In order to assert jurisdiction over a foreign state in federal court, a plaintiff must strictly comply with the FSIA.  *GSS Group Ltd. v. Nat'l Port Auth.*, 680 F.3d 805, 811 (D.C. Cir. 2012) (under FSIA, personal jurisdiction "equals subject matter jurisdiction plus valid service of process") (internal quotation marks and citations omitted).  The plaintiff bears the burden of showing that service of process has been effectuated.  *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987).  A foreign state is composed of a state itself and its political subdivisions, in addition to the state's agencies and instrumentalities.  *Philipp v. Federal Republic of Germany*, 248 F. Supp. 3d 59, 67 (D.D.C. 2017).

Section 1608 of the FSIA, 28 U.S.C. § 1608, provides the exclusive means for effectuating service of process upon a "foreign state or its political subdivision, agency, or instrumentality."  Fed. R. Civ. P. 4(j)(1); *see also* 28 U.S.C. § 1330.  One subsection, section

1608(a), prescribes the process for serving a foreign state and its political entities and subdivisions.  *See* 28 U.S.C. § 1608(a).  By contrast, the process for serving a foreign state's agencies or instrumentalities is set forth in another subsection, section 1608(b).  *See* 28 U.S.C. §1608(b).

For the purposes of service of process, courts have uniformly held that embassies must be treated as a foreign state itself, rather than an agency or instrumentality.  Because embassies are an "integral part of a foreign state's political structure," *Transaero*, 30 F.3d at 151-53, they must be treated in the same manner as the foreign state itself for purposes of effectuating service, rather than as an agency or instrumentality of the state.  *Jouanny v. Embassy of France*, 220 F. Supp. 3d 34, 38 (D.D.C. 2016); *see also Howe v. Embassy of Italy*, 68 F. Supp. 3d 26, 33 (D.D.C. 2014) (finding that the Embassy of Italy was a foreign state for purposes of the FSIA and citing additional case law).  Therefore, because the Embassy is an integral part of the sovereign state of the United Arab Emirates, and is treated in the same manner under the FSIA, it must be served by the methods the FSIA section 1608(a) prescribes for serving a foreign state.  As demonstrated below, Plaintiff failed to do so, instead purporting to serve the Embassy under the service method provided in section 1608(b)(3), which applies only when serving *agencies and instrumentalities* of a foreign state, *not when serving the state itself*.

B.    Because the Embassy Is Treated as a Foreign State, Section 1608(a) Mandates Service of Process on the UAE's Ministry of Foreign Affairs.

The service provisions of the FSIA in 28 U.S.C. § 1608, outline four methods by which a plaintiff can serve process on a foreign government.  These provisions also prescribe the preferred order in which service must be attempted.  *De Sousa v. Embassy of Angola*, 229 F. Supp. 3d 23, 26-27 (D.D.C. 2017).  Section 1608(a) provides that service may be made on a *foreign state* in the following descending order of preference: (1) by delivery of the summons

6

and complaint in accordance with any special arrangement between the plaintiff and the

defendant; (2) in accordance with an international convention; or (3) if service cannot be made

using methods (1) and (2), by having the court send the summons and the complaint to the head

of the state's ministry of foreign affairs; and (4) if plaintiff is unsuccessful in establishing service

by any of the above methods, through the United States Secretary of State. *See* 28 U.S.C.

§ 1608(a). Here, the question is whether Plaintiff validly served the Embassy via the method

prescribed by section 1608(a)(3).[2]

Section 1608(a)(3) requires that service on a foreign state be made by mail dispatched by

the clerk of the court to the head of the foreign state's ministry of foreign affairs. A plaintiff

must request that the clerk send a copy of the summons, complaint, and notice of suit "to be

addressed and dispatched by the clerk of the court *to the head of the ministry of foreign affairs of*

*the foreign state concerned*." 28 U.S.C. § 1608(a)(3) (emphasis added).

By contrast, if an *agency or instrumentality* of a foreign state is served, the FSIA permits

such service to be made "by any form of mail requiring a signed receipt, to be addressed and

dispatched by the clerk of the court *to the agency or instrumentality to be served*." *Id.*

§ 1608(b)(3)(B) (emphasis added).

C.    Plaintiff's Purported Attempt to Serve the Embassy Failed to Comply with the
       Requirements of Section 1608(a).

Plaintiff has failed to demonstrate that the Embassy has been served with process

pursuant to section 1608(a)(3). The D.C. Circuit has held that, when serving a foreign state or its

equivalent, "strict adherence to the terms of [section] 1608(a) is required," and that failure to do

---

[2] Neither of the first two methods of service prescribed by 28 U.S.C. § 1608 is applicable to the instant case.
Section 1608(a)(1) provides for service based on "any special arrangement for service between the plaintiff and the
foreign state." No such arrangement exists between Plaintiff and the UAE. Section 1608(a)(2) provides that, absent
such an arrangement, service of process can be made "in accordance with an applicable international convention on
service of judicial documents." The UAE is not a party to such a convention.

so renders service ineffective. *Transaero*, 30 F.3d at 154 (applying that requirement to service

on the Bolivian Air Force because it was considered "foreign state" within the meaning of the

FSIA). Courts of this District have applied this principle when determining whether a foreign

state's embassy has been properly served, requiring *strict compliance* with the terms of process

set forth in 28 U.S.C. § 1608(a). *See, e.g.*, *Barot v. Embassy of Zambia*, 785 F.3d 26, 27 (D.C.

Cir. 2015) (citing *Transaero*, 30 F.3d at 154). As these courts noted, neither substantial

compliance nor actual notice will suffice. *Jouanny*, 220 F. Supp. 3d at 38. Even where actual

notice has been provided, courts have quashed service and dismissed the case without prejudice

to plaintiff's renewed effort to serve the foreign embassy in strict compliance with the FSIA

requirements. *See id.* at 40; *Howe*, 68 F. Supp. 3d at 35.

Here, there can be no question that Plaintiff did not comply with section 1608(a)'s

service requirements. When Plaintiff requested that the Clerk serve process on the Embassy on

February 1, 2018, she expressly requested service pursuant to 1608(b)(3)(B) and asked that the

summons and complaint be sent to the Embassy's Washington, D.C., address—*not* to the UAE's

Ministry of Foreign Affairs under 1608(a), as required. *See* Aff. Requesting Foreign Mailing,

Feb. 1, 2018, ECF No. 4. In accordance with Plaintiff's request, the Clerk of the Court mailed a

copy of the summons and the complaint, addressed to the Embassy, to the Embassy's address in

Washington, DC. Certificate of Mailing, Feb. 6, 2018, ECF No. 7.

Moreover, Plaintiff herself does not argue that she has complied with section 1608(a).

When Plaintiff filed a purported proof of service, she asserted that the Embassy has been served

under 28 U.S.C. § 1608(b)(3)(B)—with no reference to any service under section 1608(a). *See*

Proof of Service, Apr. 5, 2018, ECF No. 10. As demonstrated above, however, because an

embassy is considered to be an inalienable part of a foreign state—and not merely its agency or

instrumentality—such method of service does not comply with the FSIA, which mandates that service on an embassy be accomplished via service on the head of the Ministry of Foreign Affairs in Abu Dhabi pursuant section 1608(a). *Howe*, 68 F. Supp. 3d at 33. Plaintiff's assertion that service comported with the process provided in section 1608(b)(3)(B) is simply irrelevant, because that provision applies only when a foreign state's agency or instrumentality is being served. The embassy, being the embodiment of the foreign state itself, is neither.

Nor has Plaintiff served the Embassy with process by delivering the summons and complaint on the UAE's Minister of Foreign Affairs, as section 1608(a)(3) requires. As demonstrated above, the summons and complaint sent by the Clerk of the Court to MOFA in Abu Dhabi on February 7, 2018, were never delivered due to incorrect or insufficient address information provided by Plaintiff. *See* Ex. A; *supra* at 3. Indeed, Plaintiff never contended that she successfully served MOFA. Rather, on April 6, 2018, Plaintiff requested that the Clerk of the Court again mail the summons and complaint to MOFA's offices in Abu Dhabi, pursuant to 28 U.S.C. § 1608(a). *See* Certificate of Mailing, Apr. 17, 2018, ECF No. 15. The clerk did so on April 17, 2018. *See* ECF 15. Plaintiff has not yet filed any proof of service regarding this repeated service attempt. Plaintiff's request that the Clerk try to serve the UAE again further demonstrates that no effective service on MOFA has been made prior to that time.[3]

D.    Because the Clerk's Entry of Default Is Premised on Ineffective Service, This Court Should Vacate the Default Judgment Against the Embassy.

The Clerk's entry of default against the Embassy was based on Plaintiff's incorrect assertion that the Embassy has been validly served with the summons and complaint on

---

[3] Plaintiff also requested that the Clerk of the Court mail the summons and complaint to the Minister of Foreign Affairs, courtesy of the Embassy, at the Embassy's Washington, D.C., address. *See* ECF No. 12, Aff. Requesting Foreign Mailing, Apr. 6, 2018. This Court, however, need not address the sufficiency of that attempt at service of process at this time because Plaintiff has not filed any proof of service based on the April 17, 2018 mailing of the summons and complaint to the UAE's Minister of Foreign Affairs at the Embassy's Washington D.C. address. In any event, this attempt at service of process is inconsistent with the D.C. Circuit's admonition that "strict adherence to the terms of 1608(a) is required." *Transaero*, 30 F. 3d, at 154; *see also Barot*, 785 F. 3d at 27.

February 7, 2018.  *See* ECF No. 20.  As demonstrated, however, Plaintiff failed to serve the

Embassy in accordance with the process mandated by section 1608(a).  Rather, Plaintiff's

assertion that service on the Embassy has been accomplished expressly relied on section

1608(b)(3)(B), which is insufficient, because embassies are considered foreign states and *not*

*agencies or instrumentalities* of foreign states.

       In actions against a foreign state, default judgment may not be entered when plaintiff has

not strictly complied with the service requirements of section 1608.  *Transaero*, 30 F.3d at 154

(setting aside an entry of default judgment because plaintiff failed to strictly comply with section

1608(a) when serving the Bolivian Air Force, deemed a "foreign state" under the FSIA); *see also*

*Iskandar v. Embassy of the State of Kuwait*, 106 F. Supp. 3d 226, 229 (D.D.C. 2015) (denying a

motion for entry of default where "Plaintiff did not adhere to the strict requirements for service

of process under the FSIA"), *vacated in-part on other grounds*, 2106 WL 777915 (D.D.C.

Feb. 29, 2016).  Because the entry of default against the Embassy was premised on ineffective

service, it must be vacated.

       The entry of default is inappropriate for another reason as well.  The FSIA provides that

"no judgment by default shall be entered by a court … unless the claimant establishes his claim

or right to relief by evidence satisfactory to the court."  *Jerez v. Republic of Cuba*, 775 F.3d 419,

423 (D.C. Cir. 2014) (internal quotation marks and citation omitted); *see also* 28 U.S.C.

§ 1608(e).  This process affords foreign sovereigns a special protection similar to that of the

United States, which also enjoys sovereign immunity.  *See* Fed. R. Civ. P. 55(e).  Furthermore,

the evidence that a plaintiff establishes against a sovereign state "must be rigorous enough to

support the facts necessary for jurisdiction."  *Han Kim v. Democratic People's Republic of*

*Korea*, 774 F.3d 1044, 1046 (D.C. Cir. 2014) (internal quotation marks and citation omitted).

"The rationale for such extra protection of sovereigns is that the government is sometimes slow to respond and the public fisc should be protected from claims that are unfounded but would be granted solely because the government failed to make a timely response." *Jerez,* 775 F.3d at 423.

Here, the Court conducted no evidentiary hearing on Plaintiff's claims, nor made any evidentiary findings that Plaintiff established that she would prevail on her age discrimination claims (which are not only foreclosed by the UAE's sovereign immunity and the presumption against extraterritoriality, but are also meritless). In fact, Plaintiff presented no evidence whatsoever, and the factually infirm or incorrect allegations in her unsworn Complaint are certainly not evidence. Therefore, the entry of default against the Embassy is inappropriate and must be vacated.[4]

## IV.   STATEMENT PURSUANT TO LCvR 7(G) REGARDING THE DEFENSES TO PLAINTIFF'S CLAIMS

For the purposes of its special appearance in the instant motion, the UAE submits that if and when service of process is properly made, the UAE would present defenses sufficient to bar Plaintiff's claims, including but not limited to that: (i) the UAE is immune from suit under the FSIA; and (ii) the ADEA and the DCHRA do not apply to the Embassy's employment of its personnel. Furthermore, although the UAE maintains it is immune from suit, if the UAE is required to defend this case on the merits, it will also refute Plaintiff's claims and demonstrate

---

[4] The Clerk's entry of default is also procedurally improper. Plaintiff filed her request for entry of default on April 12, 2018. This Court's rules provide that a party has 14 day to file an opposition to a motion for a judgment of default. *See* LCvR 7(b). The Clerk, however, entered default on April 25, 2018, prior to the expiration of that period.

that Plaintiff was not terminated due to her age.  If upon review of the instant motion the Court

requires it, the UAE will submit a verified statement to this effect.[5]

V.    <u>CONCLUSION</u>

   For the reasons set forth above, this Court should quash Plaintiff's attempted service of

the Complaint as to the Embassy and vacate the Clerk's entry of default against the Embassy as

based on ineffective service of process.


Dated: April 26, 2018

                              Respectfully submitted,

                              /s/ Igor V. Timofeyev
                              Scott M. Flicker (DC Bar No. 425825)
                              Igor V. Timofeyev (DC Bar No. 998291)
                              Kenneth M. Willner (DC Bar No. 415906)
                              PAUL HASTINGS LLP
                              875 15th Street, N.W.
                              Washington, D.C.  20005
                              Telephone: (202) 551-1792
                              Facsimile: (202) 551-1705
                              scottflicker@paulhastings.com
                              igortimofeyev@paulhastings.com
                              kenwillner@paulhastings.com

                              *Counsel for the Specially-Appearing Defendants the*
                              *United Arab Emirates and*
                              *the Embassy of the United Arab Emirates*

---

[5] Until service of process is properly made and the Court determines whether it has jurisdiction over the UAE, considerations of sovereign immunity render it inappropriate for the UAE to submit a verified statement with respect to its defenses.

## CERTIFICATE OF SERVICE

I, hereby certify that on the 26th day of April 2018, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system, which will send notification of such filing

to the following:

Sylvia J. Rolinski , Esq.
Rolinski Law Group, LLC
14915 River Road
Potomac, MD 20854
Tel. (301) 987 - 0202
Fax (301) 263-7100
sjr@rolinski.com

Daniel K. Gebhardt , Esq.
Solomon Law Firm, PLLC
1025 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel. (866) 833-3529
Fax (202) 688-1896
dgebhardt@fedemploylaw.com

/s/ Igor V. Timofeyev
Igor V. Timofeyev

13